1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES S. ALEXANDER,                    No.  2:13-cv-2566 GEB CKD P

12              Plaintiff,

13        v.                                ORDER &

14   SOLANO COUNTY DETENTION               FINDINGS AND RECOMMENDATIONS
     FACILITY, et al.,
15
                Defendants.
16

17

18        Plaintiff is a pretrial detainee at Solano County Jail, proceeding pro se.  Plaintiff seeks

19   relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant

20   to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

21   U.S.C. § 636(b)(1).

22        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

23   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

25   §§1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

26   the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

27   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

28   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

1   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3   　　　　The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8   　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15  　　　　Plaintiff alleges that Solano County Jail Officer Conners was escorting him to his housing

16  unit on April 26, 2013 when Conners grabbed plaintiff "by the back collar of my shirt which cut

17  off my windpipe and blood circulation to my brain."  Plaintiff felt dizzy and lightheaded and

18  could not speak.  He tried to let Conners know he could not breathe and was in pain.  Conners

19  "ignored" plaintiff and held him up against the wall while he "returned his keys to control with

20  his other hand." (ECF No. 1 at 3.)  Plaintiff further alleges that Conners unnecessarily swept

21  plaintiff's feet from under him so that plaintiff would "fall backwards in my restraints."  He also

22  alleges that Conners and defendant Officer Armando carried him to his cell by his collar and leg

23  restraints, despite plaintiff's request for a wheelchair.  (Id. at 4.)

24  　　　　The Eighth Amendment prohibits cruel and unusual punishment.  "[T]he unnecessary and

25  wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth

26  Amendment."  Whitely v. Albers, 475 U.S. 312, 319 (1986).  "The Eighth Amendment's

27  prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition

28  de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the

1    conscience of mankind." Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v.

2    McMillian, 503 U.S. 1, 9, (1992)) (internal quotations omitted).

3         Not every malevolent touch by a prison guard gives rise to a federal cause of action.

4    Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  In

5    determining whether the use of force was wanton and unnecessary, courts may evaluate the extent

6    of the prisoner's injury, the need for application of force, the relationship between that need and

7    the amount of force used, the threat reasonably perceived by the responsible officials, and any

8    efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation

9    marks and citations omitted).  While the absence of a serious injury is relevant to the Eighth

10   Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of

11   force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37

12   (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than

13   the resulting injury which ultimately counts.  Id. at 1178.

14        For purposes of screening, the complaint states a cognizable claim for relief pursuant to 42

15   U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendant Conners based on plaintiff's

16   allegations that Conners acted so as to temporarily prevent plaintiff from breathing and ignored

17   plaintiff's attempt to get relief.  If the allegations of the complaint are proven, plaintiff has a

18   reasonable opportunity to prevail on the merits of this action.  The court will recommend that the

19   remaining two defendants be dismissed from this action with prejudice, as plaintiff fails to state a

20   § 1983 claim against either one.[1]

21        Plaintiff has requested the appointment of counsel.  The United States Supreme Court has

22   ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983

23   cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

24   circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

25   1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900

---

26   [1] "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that
     the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized
27   [governmental] policy."  Ortez v. Wash. County, 88 F.3d 804, 811 (9th Cir. 1996) (citation and
     quotations omitted).   Plaintiff's allegations do not concern an official policy or custom of the
28   Solano County Jail.

1    F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required

2    exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be

3    denied.

4              In accordance with the above, IT IS HEREBY ORDERED that:

5              1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

7    will be assessed an initial partial filing fee.  All fees shall be collected and paid in accordance

8    with this court's order to the Sheriff of Solano County, filed concurrently herewith.

9              3.  Service is appropriate for the following defendant:  Conners.

10             4.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an

11   instruction sheet and a copy of the complaint filed December 11, 2013.

12             5.  Within thirty days from the date of this order, plaintiff shall complete the attached

13   Notice of Submission of Documents and submit the following documents to the court:

14                  a.  The completed Notice of Submission of Documents;

15                  b.  One completed summons;

16                  c.  One completed USM-285 form for each defendant listed in number 3 above;

17   and

18                  d.  Two copies of the endorsed complaint filed December 11, 2013.

19             6.  Plaintiff need not attempt service on defendant and need not request waiver of service.

20   Upon receipt of the above-described documents, the court will direct the United States Marshal to

21   serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment

22   of costs.

23             7.  Plaintiff's motion to appoint counsel (ECF No. 4) is denied.

24             IT IS HEREBY RECOMMENDED that the complaint be dismissed with prejudice as to

25   all defendants except Conners.

26             These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28   after being served with these findings and recommendations, plaintiff may file written objections

4

1   with the court and serve a copy on all parties.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

3   failure to file objections within the specified time may waive the right to appeal the District

4   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   Dated:  January 22, 2014

6   _____
    CAROLYN K. DELANEY

7   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12   2 / alex2566.1.new

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                         FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10                                                    No.  2:13-cv-2566 GEB CKD P

11    JAMES S. ALEXANDER,

12                   Plaintiff,                       NOTICE OF SUBMISSION OF
                                                      DOCUMENTS
13          v.

14    SOLANO COUNTY DETENTION
      FACILITY, et al.,
15
                   Defendants.
16

17
            Plaintiff hereby submits the following documents in compliance with the court's order
18
      filed _____:
19
            ____          completed summons form
20
            ____          completed USM-285 forms
21
            ____          copies of the _____
22
                                         Complaint
23
      DATED:
24

25

26
                                                 _____
27
                                                 Plaintiff
28
                                               6